IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHUNZA WALKER,

        Plaintiff,

  v.

VICTOR E. PACHECO, ALEXANDRA GIAMPAPA, AUBREY B. WEBB, GREGORY SAINT LOUIS, IVAN ROBLES, THOMAS SPANOS, AND CITY OF CHICAGO

        Defendants.

Case No. 25-cv-10270

*Jury Trial Demanded.*

**COMPLAINT AT LAW**

NOW COMES Plaintiff SHUNZA WALKER, by his attorney, LAW OFFICE OF JORDAN MARSH LLC, and complaining of the defendants, VICTOR E. PACHECO, ALEXANDRA GIAMPAPA, AUBREY B. WEBB, GREGORY SAINT LOUIS, IVAN ROBLES, THOMAS SPANOS, and CITY OF CHICAGO, and state the following:

**JURISDICTION AND VENUE**

1. This action arises under the Constitution of the United States, particularly the Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the Federal claims. Venue is proper under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

4. At all times relevant herein, Plaintiff SHUNZA WALKER was a resident of the County of Will, State of Illinois.

5. Defendants VICTOR E. PACHECO, ALEXANDRA GIAMPAPA, AUBREY B. WEBB, GREGORY SAINT LOUIS, IVAN ROBLES, and THOMAS SPANOS (collectively "Defendant officers"), are sued in their individual capacities and were at all times relevant, sworn police officers employed by Defendant CITY OF CHICAGO, and were acting within the scope of their agency, service and/or employment with the CITY OF CHICAGO, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

6. Defendant CITY OF CHICAGO is a government entity operating within the State of Illinois. The CITY OF CHICAGO is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, CITY OF CHICAGO was the employer of Defendants Victor E. Pacheco, Alexandra Giampapa, Aubrey B. Webb, Gregory Saint Louis, Ivan Robles, and Thomas Spanos.

## FACTUAL ALLEGATIONS

7. On March 6, 2024, at approximately 5:00 p.m., Shunza was driving a black Maserati near the 3800 block of West Jackson Boulevard in Chicago when Defendant Officers initiated an unlawful traffic stop.

8. The stop was initiated by an unmarked CPD vehicle, driven by an unidentified officer, which parked facing the front of Shunza's car.

9. Upon approaching the vehicle, Defendant Officers first claimed Shunza was "flying" and commented on the window tints.

10. They could not, however, articulate how the tint violated Illinois law, nor did they provide any specific information about the speed limit or how fast Shunza had allegedly been driving.

11. The officers could clearly see through the windows, undermining their claim of a tint violation.

12. None of the initial officers mentioned a seatbelt violation until several minutes into the stop, contradicting their later justification for detaining Shunza.

13. Body-worn camera footage confirmed Shunza's seatbelt was fastened properly.

14. When Shunza requested that a supervisor come to the scene, Defendant Pacheco replied that "[i]f a sergeant comes, you're gonna get arrested for obstruction".

15. Pacheco's statement violated Chicago Police Department General Order G08-05, which prohibits retaliation and threats of retaliation against civilians, as well as the First Amendment to the United States Constitution.

16. Defendant Giampapa then escalated the encounter, yelling, "There's no reason for you to be doing all this stupid ass shit".

3

17. Giampapa's statement violated CPD Rule 2 (any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department), Rule 3 (any failure to promote the Department's efforts to implement its policy or accomplish its goals), Rule 6 (disobedience of an order or directive, whether written or oral), Rule 8 (disrespect to or maltreatment of any person, while on or off duty), and Rule 9 (engaging in any unjustified verbal or physical altercation with any person, while on or off duty).

18. Defendant Giampapa then forcibly removed Shunza from his vehicle and lifted his sweatshirt and performed an invasive pat-down in violation of CPD Special Order S04-13-09 (requiring protective pat-downs to be conducted by an officer who is the same gender as the person being stopped), despite multiple male officers being present.

19. Defendant Officers Pacheco, Giampapa, Saint Louis, and Robles unlawfully searched Shunza's vehicle, including the backseat and rear compartments that Shunza could not have accessed from the driver's seat.

20. Throughout the unlawful search, Defendant Giampapa continued to berate Shunza, stating, "We're not playing these stupid ass games with you. I'm not playing these stupid ass games with you".

21. When Shunza requested the officers' badge numbers, Giampapa said, "You wanna get locked up?"

22. Giampapa then threatened to "lock him up" for obstruction.

23. These statements violated Chicago Police Department General Order G08-05, which prohibits retaliation and threats of retaliation against civilians, as well as the First Amendment to the United States Constitution.

4

24. Giampapa's statement violated CPD rules 2, 3, 6, 8, and 9.

25. Although Shunza provided his driver's license to Defendant Webb, no officer ran his name.

26. The vehicle search yielded no evidence of criminal conduct.

27. Before the search concluded, Defendant Officer Spanos deactivated his body-worn camera in violation of Illinois law and CPD rules.

28. After the search, Defendant officers got in their cars and exited the scene without providing Shunza with an ISR receipt, in violation of CPD rules 2, 3, 5, 6, and 10.

29. Defendant Officers failed to provide an Investigatory Stop Receipt as required by Illinois law (725 ILCS 5/107-14) and CPD Special Order S04-13-09.

30. Later, Defendant officers would submit a falsified Investigatory Stop Report, falsely claiming that Shunza leaned with his upper body towards the floorboard of the vehicle.

31. The Civilian Office of Police Accountability ("COPA") sustained numerous allegations of misconduct against each of the Defendant Officers, including:

   a. Unlawful detention without justification;

   b. Unlawful search of Shunza's vehicle;

   c. Unlawful search of Shunza's person, including an impermissible pat-down by Defendant Giampapa;

   d. Threatening Shunza with arrest for obstruction to coerce compliance;

   e. Use of unprofessional, retaliatory, and insulting language;

   f. Failure to provide Shunza with an Investigatory Stop Receipt as required by law; and

5

 g. Failure to accurately document the facts and circumstances of the encounter in required CPD reports.

32. COPA recommended the following disciplinary measures:

 a. Defendant Victor Pacheco – a suspension ranging from 3 to 30 days for detaining Shunza without justification; unlawfully searching his vehicle; failing to provide an Investigatory Stop Receipt; threatening Shunza with arrest for requesting a supervisor; and failing to document the incident accurately.

 b. Defendant Alexandra Giampapa - Because Giampapa resigned from CPD in November 2024, COPA did not recommend a penalty.

 c. Defendant Aubrey Webb – a suspension ranging from 1 to 30 days for unlawful detention; failure to provide an Investigatory Stop Receipt; and failure to accurately document the stop.

 d. Defendant Gregory Saint Louis – a suspension ranging from 2 to 30 days for unlawful detention; unlawful search of Shunza's vehicle; failure to provide an Investigatory Stop Receipt; and inaccurate reporting.

 e. Defendant Ivan Robles – a suspension ranging from 2 to 30 days for unlawful detention; unlawful vehicle search; failure to provide an Investigatory Stop Receipt; and inaccurate reporting.

 f. Defendant Thomas Spanos – a suspension ranging from 1 to 30 days for unlawful detention; failure to provide an Investigatory Stop Receipt; and inaccurate reporting.

33. In March 2025, the Chicago Police Department issued a formal letter of concurrence, accepting COPA's findings and imposing discipline consistent with its

recommendations. The Chicago Police Department further required all six officers to complete additional training on the Investigatory Stop System, Traffic Stop Statistical Study reporting, and the Prohibition on Retaliation policies.

34. As a result, the Department imposed the following suspensions:

a. Officer Victor E. Pacheco - 10-day suspension for unjustified detention and vehicle search, failure to provide an investigatory stop receipt, issuing threats of arrest when a supervisor was requested, and submitting inaccurate reports.

b. Officer Alexandra Giampapa - 3-day suspension, despite her resignation, for unjustified detention and search, use of inappropriate language and threats, conducting an improper pat-down procedure, and submitting inaccurate reports.

c. Officer Aubrey B. Webb - 25-day suspension for unjustified detention, failure to provide an investigatory stop receipt, and inaccurate reporting.

d. Officer Gregory Saint Louis - 5-day suspension for unjustified detention and vehicle search, failure to provide an investigatory stop receipt, and inaccurate reporting.

e. Officer Ivan Robles - 3-day suspension for unjustified detention and vehicle search, failure to provide an investigatory stop receipt, and inaccurate reporting.

f. Officer Thomas Spanos - 10-day suspension for unjustified detention, failure to provide an investigatory stop receipt, and inaccurate reporting.

35. These sustained findings by COPA and the disciplinary measures imposed by CPD are official acknowledgments that the Defendant Officers acted unlawfully and in violation of both Shunza's constitutional rights and departmental rules and policies.

36. As a result of the foregoing, Shunza was deprived of rights secured by the Fourth and Fourteenth Amendments of the United States Constitution, as well as Illinois law.

## PRAYER FOR RELIEF

For the foregoing reasons, the Plaintiff SHUNZA WALKER, prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney fees and costs, and for any additional relief this Court deems just and proper.

## JURY DEMAND

The Plaintiff SHUNZA WALKER, requests a trial by jury.

**DATED:** August 27, 2025

Respectfully submitted,
SHUNZA WALKER

/s/ Jordan Marsh
*Attorney for the Plaintiff*

**LAW OFFICE OF JORDAN MARSH LLC**
33 North LaSalle Street Suite 2000
Chicago, IL 60602
(224) 220-9000
jordan@jmarshlaw.com